220 F.2d 19
 Martin J. SAMPSON, as chief of the Swinomish tribe of Indians, Appellant,
v.
Joseph JOE et al., as members of the senate of Swinomish Indian Tribal Community, a Federal corporation, Appellees.
 No. 14538.
 United States Court of Appeals, Ninth Circuit.
 February 28, 1955.
 Rehearing Denied March 28, 1955.
 
 Malcolm S. McLeod, John E. Belcher, Seattle, Wash., for appellant.
 Warren J. Gilbert, Harwood Bannister, Mount Vernon, Wash., for appellee.
 Before MATHEWS and BONE, Circuit Judges, and HAMLIN, District Judge.
 MATHEWS, Circuit Judge.
 
 
 1
 On May 12, 1954, in the United States District Court for the Western District of Washington, an action was brought by appellant, Martin J. Sampson, as chief of the Swinomish tribe of Indians, on behalf of the tribe and on behalf of a majority of the members of Swinomish Indian Tribal Community, a Federal corporation, against appellees, Joseph Joe, Andrew Joe, Tandy Wilbur, Tandy Wilbur, Jr., Raymond Charles, Gasper Dan, Dewey Mitchell, Wilbert James, Leonard Bobb, Garfield Day and Thomas A. Williams, as members of the senate of the corporation. The complaint prayed that appellees be removed from office and required to account for all funds coming into the corporation's possession since 1948 and for all funds collected by appellees for the sale of timber belonging to the tribe or its individual allottees.
 
 
 2
 The complaint was not answered. However, an amended complaint was filed by appellant on May 26, 1954, and was answered by appellees on August 14, 1954.
 
 
 3
 On May 13, 1954 — thirteen days before the amended complaint was filed — appellant filed in the District Court a motion for an order directing appellees to show cause "why they and each of them should not be removed from the office of senator (governing body) of Swinomish Indian Tribal Community, a Federal corporation, and the functions of said senate be exercised by the council of the Swinomish tribe of Indians until a new senate is elected in accordance with the provisions of the charter, constitution and bylaws of said corporation, or in the alternative that a receiver be appointed to operate the several enterprises of said tribe until a hearing may be had on the merits of [appellant's] complaint."
 
 
 4
 Thereupon, on May 13, 1954, the District Court issued an order directing appellees and each of them to show cause "why they should not be required to turn over the temporary management of the enterprises owned by the Swinomish tribe of Indians, and being operated by them as members of the senate of Swinomish Indian Tribal Community, a Federal corporation, until a new election can be held to the said senate, or in the alternative, that a receiver be appointed by the court to take possession of said enterprises and conserve the same pending a trial on the merits of [appellant's] complaint herein."
 
 
 5
 Hearings were had on the order to show cause on June 7, June 11, July 15, July 27 and July 30, 1954. Thereupon, on July 30, 1954, the District Court ordered[1] "that [appellant] take nothing in consequence of his order to show cause, and that the order to show cause be and the same is hereby discharged, and that [appellees] and each of them be and they are hereby discharged from the said order to show cause and from any duty or obligation thereunder, provided that all of the foregoing is without prejudice to this court's authority and duty herein to hear and determine at a trial on the merits all matters in controversy in the above entitled action[2] at a date to be later set." This appeal is from that order.
 
 
 6
 That order was not a final decision, within the meaning of 28 U.S.C.A. § 1291, and hence was not appealable under that section. It was not one of the interlocutory orders, decrees or judgments mentioned in 28 U.S.C.A. § 1292 and hence was not appealable under that section. Nor was it appealable under any other statute.
 
 
 7
 Appellant contends that the order appealed from was an interlocutory order refusing an injunction, within the meaning of 28 U.S.C.A. § 1292, and hence was appealable under that section. Actually, there was no mention of an injunction in the motion for an order to show cause, in the order to show cause or in the order appealed from.[3] Much less did the order appealed from refuse an injunction. It did, in effect, refuse to require appellees "to turn over the temporary management of the enterprises owned by the Swinomish tribe of Indians," but that refusal was not a refusal of an injunction, within the meaning of § 1292. Appellant's contention is therefore rejected.
 
 
 8
 On July 27, 1954, in a colloquy between the District Court and counsel, the District Court stated orally: "The request in this case, pursuant to the show cause order, was for mandatory injunctive process of this court directed to [appellees], as I understood it and now understand it." On July 30, 1954, in a colloquy between the District Court and counsel, the District Court stated orally: "I have intended to and do deny all requests for interlocutory * * * injunctive relief." Actually, there was no request for, nor any mention of, injunctive process or injunctive relief in the motion for an order to show cause or in the order to show cause. Hence the oral statement that all requests for interlocutory injunctive relief were denied was meaningless. Furthermore, this appeal, it should be remembered, is not from any oral statement, but is from a written order[4] — an order which did not mention injunctive process or injunctive relief.
 
 
 9
 Appeal dismissed.
 
 
 
 Notes:
 
 
 [1]
 The order of July 30, 1954, was a written order filed and entered on that date
 
 
 [2]
 Meaning this action — the action brought by appellant against appellees on May 12, 1954. There has been no trial of this action
 
 
 [3]
 The complaint did not pray for an injunction. The amended complaint — filed thirteen days after the order to show cause was issued — prayed for a judgment enjoining appellees and the corporation from exercising any control over property owned by the Swinomish tribe of Indians, but did not pray for an interlocutory injunction. Furthermore, the hearings of June 7, June 11, July 15, July 27 and July 30, 1954, were hearings on the order to show cause and were not hearings on the amended complaint, nor was the amended complaint mentioned in the order appealed from
 
 
 [4]
 See footnote 1